UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALAN VIRGIL BRUMFIELD, Petitioner | CIVIL ACTION NO. 1:18-CV-1189-SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JERRY GOODWIN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Alan Virgil Brumfield ("Brumfield") (#720566). Brumfield is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Brumfield challenges his conviction and sentence imposed in the 10th Judicial District Court, Natchitoches Parish.

Because Brumfield's petition is untimely and he is not entitled to equitable tolling, the petition should be dismissed.

I. Background

Brumfield was indicted on charges of second degree murder, home invasion, and second degree kidnapping. (Doc. 1-3, p. 27). Following a guilty plea to manslaughter, Brumfield was convicted and sentenced to 24 years of imprisonment. (Doc. 1, p. 1). Because Brumfield entered a guilty plea, he waived his right "to appeal the conviction and sentence resulting from" the plea agreement "whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion

to correct sentence, application for habeas corpus relief, or otherwise." (Doc. 1-3, p. 36).

## II. Law and Analysis

### A. Brumfield's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Brumfield's conviction became final for AEDPA purposes on April 13, 2017, upon the expiration of the time for seeking an appeal. 28 U.S.C. § 2254(d)(1). Brumfield had one year from that date within which to file a § 2254 petition. Brumfield's petition was not filed until September 6, 2018, well after the expiration of the limitations period. (Doc. 1).

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal

2

quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). The United States Court of Appeals for the Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Brumfield claims neither the sentencing court nor the public defender informed him of the one year statute of limitations under the AEDPA. There is no obligation on the part of a state district judge to notify a petitioner of any possible rights and remedies which he may have under federal law. See Puderer v. Vannoy, 17-CV-324, 2018 WL 1319023, at *8 (E.D. La. Jan. 26, 2018), report and recommendation adopted, CV 17-324, 2018 WL 1287621 (E.D. La. Mar. 13, 2018). Additionally, illiteracy, lack of legal training, ignorance of the law, and unfamiliarity with the legal process are all insufficient reasons to equitably toll the statute of limitations. See Felder v. Johnson, 204 F.3d 168, 172–73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations); Collom v. Mississippi, 3:12-CV-718, 2013 WL 1818467, at *2 (S.D. Miss. Apr. 11, 2013), report and recommendation adopted, 3:12-CV-718, 2013 WL 1800593 (S.D. Miss. Apr. 29, 2013); Medrano v. Thaler, 12-CV-1948, 2013 WL 100270, at *3 (S.D. Tex. Jan. 7, 2013) ("Nor does he

merit equitable tolling for counsel's failure to advise him of the federal filing deadline."); Santinac v. Cain, 06-CV-260, 2011 WL 765742, at *2 (E.D. La. Feb. 23, 2011) (citing Cooper v. Travis, No. 08-0021, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010)) (lacking instructions as to the federal limitations period is not an extraordinary circumstance warranting equitable tolling).

### III. Conclusion

Because Brumfield's § 2254 petition is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of October, 2018.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge